UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRICJAVVAR STRICKLAND and
JAZMONIQUE STRICKLAND,

    Plaintiffs,

v.

ADVANCE LOCAL MEDIA, LLC d/b/a
MLive Media Group,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:23-cv-1021

**REPORT AND RECOMMENDATION**

This matter has been referred to me for handling of all matters under 28 U.S.C. § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B). (ECF No. 5.) Having reviewed the state-court complaint in this matter, as well as Defendant's notice of removal, I recommend that the Court remand this action to the Kalamazoo County Circuit Court pursuant to 28 U.S.C. § 1447(c) because Defendant has failed to demonstrate that this matter lies within the Court's jurisdiction.

**I. Background**

Plaintiffs Stricjavvar and Jazmonique Strickland filed a complaint against Defendant in the Kalamazoo County Circuit Court on August 31, 2023, in which they alleged state-law claims for defamation and intentional infliction of emotional distress. (ECF No. 1 at PageID.2; ECF No. 1-1 at PageID.10–11.) According to the complaint, on August 9, 2022, Stricjavvar Stickland pled guilty in the Kalamazoo County Circuit Court to one count of providing transportation services for

the purpose of engaging in prostitution.[1] Plaintiffs allege that on August 9, 2023, Defendant published a news story on its MLive.com website stating that Stricjavvar Stickland pled guilty to human trafficking of a minor. Plaintiffs allege that the story was inaccurate and defamatory per se because Stricjavvar Stickland pled guilty to providing transportation services for the purpose of engaging in prostitution, not to human trafficking of a minor. Plaintiffs allege that Stricjavvar Stickland's former attorney notified Defendant of the inaccuracy in the story, but Defendant continued to publish the story and refused to retract it despite Plaintiffs' demand for retraction. Plaintiffs allege that Defendant's actions amounted to defamation and intentional infliction of emotional distress. (*Id.* at PageID.10–11.)

Defendant removed the action to this Court on September 28, 2023, alleging that removal was proper based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1 at PageID.2.) In particular, Defendant alleged that Plaintiffs are citizens of Mississippi and that MLive is a limited liability company whose sole member is Advance Local Holdings Corp., a Delaware corporation with its principal place of business in New York. (*Id.* at PageID.2–3.) As for the amount in controversy, Defendant alleged that the jurisdictional threshold was met because both Plaintiffs "seek compensatory and economic damages in excess of $25,000 on Counts I and II, and fees incurred during litigation, resulting in a total amount in controversy in excess of $100,000." (*Id.* at PageID.3.)

## II. Discussion

As courts of limited jurisdiction, federal courts "have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Michigan*

---

[1] Although the complaint alleges that Stricjavvar Strickland pled guilty on August 9, 2023 (ECF No. 1-2 at PageID.10), the MLive.com articles attached to the complaint state that Strickland pled guilty on August 9, 2022. (*Id.* at PageID.13–17.)

2

*Emp't Sec. Comm'n v. Wolverine Radio Co.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1137 (6th Cir. 1991) (footnote omitted). A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). As the removing party, Defendant "bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006)); *see also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (noting that any doubts about the removability of a case must be resolved against federal court jurisdiction).

There is no issue that Defendant has adequately alleged that the parties are diverse. The problem with jurisdiction, however, lies in Defendant's allegations as to the amount in controversy. Where, as here, the complaint does not specify the amount of damages the plaintiff seeks, the defendant must show that it is "more likely than not" that the plaintiff's claims meet the amount-in-controversy requirement. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 470 (6th Cir. 2019) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)).

Defendant's position is as follows: (1) Plaintiffs allege that the amount in controversy exceeds $25,000, exclusive of interest and costs (the jurisdictional threshold for civil claims brought in Michigan circuit courts, *see* Mich. Comp. Laws § 600.8301(1)); (2) Plaintiffs assert two claims each; and (3) the four claims, each exceeding $25,000, amount to in excess of $100,000 (4

3

x in excess of $25,000), particularly when "fees" incurred during litigation are considered. (ECF No. 1 at PageID.3.) This argument fails on two levels.

First, when a case involves multiple plaintiffs, "at least one plaintiff's claim must independently meet the amount-in-controversy specification." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Defendant has not demonstrated that either Plaintiff's claim(s) meets the jurisdictional threshold. Moreover, it is well established that, in general, separate plaintiffs may not aggregate their claims to meet the amount-in-controversy requirement. *Snyder v. Harris*, 394 U.S. 332, 335 (1969). The exception, as the Sixth Circuit has noted, is that "aggregation is permissible when 'two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.'" *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983) (quoting *Snyder*, 394 U.S. at 335). "Paradigmatic cases in which plaintiffs have a common and undivided interest 'involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy.'" *Durant v. Servicemaster Co.*, 109 F. App'x 27, 29 (6th Cir. 2004) (quoting *Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997)). Here, Plaintiffs do not allege claims involving a common and undivided interest in a piece of property or an insurance policy. Rather, the two claims involve tortious conduct directed solely at Plaintiff Stricjavvar Strickland. It is unclear why Jazmonique Strickland is included as a plaintiff, but based on the nature of the claims, it is clear that Defendant may not aggregate both Plaintiffs' claims in order to meet the jurisdictional threshold.

Second, both of the claims Plaintiffs allege are based on the same conduct—Defendant's alleged publishing of defamatory information about Stricjavvar Strickland. (ECF No. 1-2 at PageID.11 (noting in Count II that "Defendant's conduct as outlined above was intentional").) A

plaintiff may not aggregate claims that are simply "alternative theories of recovery" based on the same injury. *Mozika, Inc. v. JS Design Online, LLC*, No. 1:22 CV 897, 2022 WL 4080635, at *3 (N.D. Ohio Sept. 6, 2022) (citing *Marketing Assocs., Inc. v. Fellowes, Inc.*, 2006 WL 721619, at *6 (N.D. Ohio Mar. 21, 2006)). The court in *Halstead v. SouthernCare, Inc.*, No. 4:05-CV-76, 2005 WL 2261454 (W.D. Mich. Sept. 16, 2005), applied this principle in rejecting a similar argument by removing defendants:

> Defendants first argue that the complaint shows that the amount in controversy exceeds $75,000 because Halstead seeks to hold SouthernCare liable for the torts committed by Lang and Smoot. Defendants reason that because Halstead asserts a total of four counts against Lang and Smoot, each seeking damages in excess of $25,000, the complaint may be read to seek damages against SouthernCare in excess of $100,000. However, "[a]lthough the claims of a single plaintiff against a single defendant may generally be aggregated whether the claims are related to each other or not, two claims must not be aggregated if they 'are alternative bases of recovery for the same harm under state law."' *Earley v. Innovex (North Am.) Inc.*, No. CIV. A. 02-2130, 2002 WL 1286639, at *2 (E.D. Pa. June 10, 2002) (quoting *C.D. Peacock, Inc. v. The Nieman Marcus Group, Inc.*, No. 97-5713, 1998 WL 111738, at *3 (E.D. Pa. Mar. 9, 1998)). "A right of recovery is distinct from a theory of liability; a plaintiff may have only one right of recovery though she 'advances a variety of legal theories to support that recovery."' *Holmes v. Boehringer Ingelheim Pharms., Inc.*, 158 F. Supp. 2d 866, 868 (N.D. Ill. 2001) (quoting *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 576 F. Supp. 991, 1004 (N.D. Ill. 1983)).

*Id.* *2. Here, as in *Halstead*, both of the claims "are based upon the same conduct giving rise to the same harm." *Id.* Moreover, in contrast to *Halstead*, Plaintiffs simply allege that the entire amount in controversy exceeds $25,000, not that each cause of action exceeds that threshold. In any event, Defendant may not aggregate the claims of both Plaintiffs. Nor may it aggregate the claims of either Plaintiff, to meet the jurisdictional threshold.

Finally, Defendant states that Plaintiffs seek "fees incurred during litigation." (ECF No. 1 at PageID.3.) Defendant's reference to "fees" is unclear; Plaintiffs seek "costs and interest," but not "fees" in their complaint. (ECF No. 1-1 at PageID.11.) The jurisdictional threshold under Section 1332(a) excludes such amounts. In addition, Defendants cite no Michigan statute under

5

which Plaintiffs could seek an award of fees that could count toward the jurisdictional threshold, but, even if such a statute exists, Plaintiffs are proceeding pro se and would likely be ineligible for an award of fees. *See Bakshi v. Avis Budget Grp., Inc.*, No. 2:20-cv-10419, 2022 WL 1055455, at *3 (E.D. Mich. Jan. 28, 2022), *report and recommendation adopted*, 2022 WL 704944 (E.D. Mich. Mar. 8, 2022) (noting that a pro se plaintiff would likely "face an uphill battle seeking reimbursement for attorney fees"); *Thomas v. City of New Baltimore*, 254 Mich. App. 196, 206 n.1 (2002) (pro se plaintiff is not entitled to fees under Michigan's Freedom of Information Act).

In sum, because Defendant may not aggregate the claims set forth in Plaintiffs' complaint to meet the jurisdictional threshold, and Defendant offers no other basis to conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs, Defendant fails to meet its burden of demonstrating the existence of subject matter jurisdiction.

### III.  Conclusion

For the foregoing reasons, I recommend that the Court remand this action to the Kalamazoo County Circuit Court for lack of subject matter jurisdiction.


Date:  October 4, 2023                                    /s/ Sally J. Berens
                                                                                             SALLY J. BERENS
                                                                                             U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).